IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DAVID HARRIS, on behalf of himself and a class of others similarly situated, | ) ) ) | |
| | ) | 11-cv-03151 |
| Plaintiffs, | ) ) | |
| | ) | Judge Hibbler |
| v. | ) ) | |
| ENTERPRISE RECOVERY SYSTEMS, INC., | ) ) ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## JOINT INITIAL STATUS REPORT

Plaintiffs, DAVID HARRIS, on behalf of himself and a class of others similarly situated, by their attorneys, LOEVY & LOEVY, and Defendant, ENTERPRISE RECOVERY SYSTEMS, INC., by its attorneys, CONNELLY LAW GROUP LLC, submit the following joint initial status report.

## I. The Nature of the Case

### A. Attorneys of Record

Plaintiff DAVID HARRIS, on behalf of himself and a class of others similarly situated, are represented by:

> Arthur Loevy
> Jon Loevy
> Mike Kanovitz
> Joel Feldman
> LOEVY & LOEVY
> 312 North May Street, Ste. 100
> Chicago, IL 60607

Lead trial attorney will likely be Mike Kanovitz.

Defendant ENTERPRISE RECOVERY SYSTEMS, INC. is represented by:

> Matthew P. Connelly
> Cory D. Anderson
> James R. Stevens
> CONNELLY LAW GROUP LLC
> 55 West Monroe Street, Suite 1700
> Chicago, IL 60603

Lead trial attorney will likely be Matthew P. Connelly.

### B. Jurisdiction

This action is brought under 15 U.S.C. § 1692 *et seq.* and 47 U.S.C. § 227, *et seq*. The Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1332 and 1367. Venue is proper under 28 U.S.C. § 1391.

### C. Nature of Claims

1. **Plaintiffs' Allegations.** Plaintiffs allege that Defendant deployed automatic telephone dialing systems to make pre-recorded, non-emergency calls to the named Plaintiff and class members who did not expressly consent to be called on their cellular

telephones within the meaning of the TCPA. Additionally, Defendant placed multiple calls and/or left multiple voice mails to the named Plaintiff and Class members in a single day, in some cases without disclosure of the caller's actual identity, the principal's actual identity, the purpose of the call and/or without a "mini-Miranda" warning, all in violation of the FDCPA.

2. **Defendants' Position.** Defendant denies the allegations, and further denies liability in this case.

D. **Major Legal and Factual Issues**

The major legal issues are as follows:

1. Whether ERS can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls.

2. Whether ERS's conduct was knowing and/or willful.

3. Whether it is harassing and/or abusive to place multiple calls and/or leave multiple voicemails in a single day to a debtor.

4. Whether it is harassment or abuse and/or a false or misleading representation to communicate with debtors without disclosure of the caller's actual identity, the principal's actual identity and the purpose of the call and/or without a "mini-Miranda" warning.

5. Whether ERS is liable for damages, and the amount of such damages.

6. Whether ERS should be enjoined from engaging in such conduct in the future.

Although discovery may reveal the existence of other factual issues, the major factual issues known at this time include:

1. Whether ERS made non-emergency calls to the named plaintiff and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice.

2. Whether ERS has a policy and practice of using automatic telephone dialing systems and/or artificial or prerecorded voice messaging equipment to call cellular telephone numbers.

3. Whether ERS has proper procedures in place to prevent the use of automatic telephone dialing systems and/or artificial or prerecorded voice messaging equipment to call cellular telephone numbers.

4. Whether ERS has a policy and practice of placing multiple calls and/or leaving multiple voicemails to debtors in a single day.

5. Whether ERS has proper procedures in place to prevent placing multiple calls and/or leaving multiple voicemails to debtors in a single day.

6. Whether ERS has a policy and practice of communicating with debtors without disclosure of the caller's actual identity, the principal's actual identity and the purpose of the call and/or without a "mini-Miranda" warning.

7. Whether ERS has proper procedures in place to prevent communications to debtors without disclosure of the caller's actual identity, the principal's actual identity and the purpose of the call and/or without a "mini-Miranda" warning.

### E. Relief Sought

Plaintiffs seek financial compensation, attorneys' fees and other appropriate relief for Defendant's alleged statutory violations.

## II. Pending Motions and Case Plan

### A. Pending Motions

None. Plaintiffs will be moving for class certification following completion of class related discovery.

### B. Proposed Discovery Plan

The parties expect discovery in this case to consist largely of written discovery designed to determine the size of the class and whether Defendant violated the statutes listed in the Complaint. The parties also expect discovery to include the depositions of the named Plaintiff (David Harris) and corporate representatives of Defendant.

The parties propose the following discovery plan:

1. Rule 26(a) disclosures: August 24, 2011

2. Fact discovery relating to class certification

    a. written discovery deadline: October 29, 2011

    b. oral discovery deadline: November 29, 2011

3. Motion for Class Certification

    a. Plaintiffs' motion deadline: December 26, 2011

    b. Defendant's response deadline: January 26, 2012

    c. Plaintiffs' reply deadline: February 10, 2012

4. Date to initiate written discovery: August 29, 2011

5. General fact discovery

    a. written discovery deadline: TBD following class certification ruling

    b. oral discovery deadline: TBD following class certification ruling

6. Expert discovery

    a. Rule 26(a)(2) reports to be served by: TBD following class certification ruling

    b. Depositions of experts to be conducted by: TBD following class certification ruling

7. Dispositive motions to be filed by: TBD following class certification ruling

8. Settlement Conference / Mediation: TBD following class certification ruling

5

9. Pretrial order / motions *in limine*:  TBD following class certification ruling

C. Trial

The Plaintiffs have requested a jury trial.  The parties expect a jury trial will take approximately two (2) weeks.

III. **Consent to Appear Before the Magistrate Judge**

The parties do not consent to proceed before the Magistrate Judge

IV. **Status of Settlement Discussions**

No serious settlement discussions have occurred. The parties have agreed to exchange settlement offers and/or to discuss settlement on or around November 15, 2011, and will contact the Court if it should appear that a settlement conference would be beneficial.

RESPECTFULLY SUBMITTED,

**Attorneys for Plaintiffs:**

/s/ Joel Feldman

Arthur Loevy
Jon Loevy
Mike Kanovitz
Joel Feldman
LOEVY & LOEVY
312 North May St., Ste. 100
Chicago, IL 60607
(312) 243-5900

**Attorneys for Defendant:**

/s/ James R. Stevens

Matthew P. Connelly
Cory D. Anderson
James R. Stevens
CONNELLY LAW GROUP LLC
55 West Monroe Street, Suite 1700
Chicago, IL 60603